J-S30044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAKIM ABDUL WAKEEL | : | |
| | : | |
| Appellant | : | No. 3140 EDA 2024 |

Appeal from the PCRA Order Entered October 31, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0003579-2008

BEFORE:   OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 3, 2025**

Hakim Abdul Wakeel appeals *pro se* from the order, entered in the Court of Common Pleas of Northampton County, dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After review, we affirm.

In 2009, a jury convicted Wakeel of twenty-five criminal counts in connection with a robbery that resulted in the death of Danny Rivera.  In connection therewith, the trial court sentenced Wakeel to an aggregate term of 28 to 74 years' incarceration.  This Court affirmed Wakeel's convictions but remanded to the trial court for resentencing due to the court's imposition of an illegal sentence.  ***See Commonwealth v. Wakeel***, 23 A.3d 579 (Pa. Super., filed Dec. 14, 2010) (2179 EDA 2009) (unpublished memorandum

_____

[*] Retired Senior Judge assigned to the Superior Court.

decision). On remand, the trial court re-sentenced Wakeel to an aggregate term of 315 to 846 months' incarceration, which judgment of sentence this Court affirmed. *See Commonwealth v. Wakeel*, 47 A.3d 1260 (Pa. Super., filed Mar. 30, 2012) (1205 EDA 2011) (unpublished memorandum decision). Wakeel did not seek further review.

On April 4, 2013, Wakeel filed a *pro se* PCRA petition, his first, and the PCRA court appointed counsel. Appointed counsel filed an amended PCRA petition, alleging that the Commonwealth committed a *Brady*[1] violation by failing to disclose to Wakeel that there was an agreement for favorable treatment between the Commonwealth and Julio Lopez—a Commonwealth witness and charged co-defendant—in exchange for Lopez's testimony against Wakeel. The PCRA court held an evidentiary hearing and, *inter alia*, denied Wakeel's petition. Thereafter, on appeal, this Court remanded the case for the PCRA court to conduct a *Grazier*[2] hearing and for Wakeel to file an amended PCRA petition. *See Commonwealth v. Wakeel*, 121 A.3d 1131 (Pa. Super., filed Apr. 14, 2015) (3449 EDA 2013) (unpublished memorandum decision).

On remand, Wakeel retained private counsel, who filed an amended PCRA petition. At a second evidentiary hearing, Lopez, for the first time, recanted all prior testimony, including from the first PCRA evidentiary hearing,

_____

[1] *See Brady v. Maryland*, 373 U.S. 83 (1963).

[2] *See Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998).

and Lopez claimed that he, in fact, had a deal in place with the Commonwealth to receive a lesser sentence in exchange for his testimony against Wakeel at the time he testified at Wakeel's trial. The PCRA court dismissed Wakeel's petition and this Court affirmed that dismissal. *See Commonwealth v. Wakeel*, 174 A.3d 56 (Pa. Super., filed June 9, 2017) (1772 EDA 2016) (unpublished memorandum decision). In March 2018, our Supreme Court denied Wakeel's petition for allowance of appeal. *See Commonwealth v. Wakeel*, 182 A.3d 446 (Pa. 2018) (693 MAL 2017) (table).

On December 11, 2023, Wakeel *pro se* filed the instant PCRA petition, his second. In the instant petition, Wakeel alleges: (1) that the Commonwealth admitted in federal court to perpetrating a fraud upon the Pennsylvania court by previously denying that Lopez had a deal with the Commonwealth in exchange for his testimony against Wakeel; and (2) a *Brady* violation insofar as the Commonwealth failed to reveal to Wakeel that the Commonwealth fabricated Lopez's identification of Wakeel as the perpetrator as part of Lopez's deal for leniency in Lopez's criminal case.

In connection with this second PCRA petition, the PCRA court appointed counsel, Jennifer L. Toth, Esquire, on December 12, 2023. On June 7, 2024, Attorney Toth filed a *Turner*/*Finley* "no-merit" letter and petition to withdraw as counsel.[3] On July 2, 2024, the PCRA court issued an order permitting

---

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *see also Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

counsel to withdraw. On July 7, 2024, the PCRA court filed its notice of intent to dismiss Wakeel's petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Wakeel filed a *pro se* response to the PCRA court's Rule 907 notice on October 23, 2024. The PCRA court dismissed Wakeel's instant petition on October 31, 2024. Wakeel timely appealed on November 18, 2024. Wakeel and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Wakeel raises the following issues for our consideration:

1. Whether the PCRA court erred as a matter of law in finding that the claims set forth by [Wakeel] in his [PCRA] petition are previously [litigated], as the claims set forth could not have been raised before trial, at trial, during unitary review, on appeal, or in any prior state post conviction proceeding?

2. Whether the PCRA court erred as a matter of law in finding that [Wakeel]'s [PCRA] petition was untimely filed under the purview of 42 Pa.C.S. § 9545(b)(1)(i) and (ii), by erroneously conflating the statutory requirements of these exceptions?

3. Whether the PCRA court erred as a matter of law and abused its discretion in allowing court appointed counsel to withdraw without complying with the dictates of *Turner*/*Finley*?

4. Whether the PCRA court erred as a matter of law in dismissing [Wakeel]'s [PCRA] petition without a hearing, where [it] raises [] material issues of fact that require a hearing pursuant to [Pennsylvania Rule of Criminal Procedure] 908?

Appellant's Brief, at ii.

In his latest petition, and on appeal, due to the timing of the filing of his petition, Wakeel correctly acknowledges that, to invoke the court's jurisdiction under the PCRA, he must satisfy an exception to the PCRA's time-bar. *See Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (noting that, to

be timely, PCRA petition must be filed within one year of date that petitioner's judgment of sentence became final, unless petitioner alleges and proves in petition at least one statutory exception set forth at 42 Pa.C.S. § 9545(b)(1)). Wakeel claims he is eligible for collateral relief based upon the governmental interference and the newly discovered facts exceptions. *See* 42 Pa.C.S. § 9545(b)(1)(i), (ii). In arguing his claims are timely filed, first, Wakeel contends that he only discovered that a fraud was perpetrated on the court when the Commonwealth filed, in federal court, an "admission," pursuant to Federal Rule of Civil Procedure 60, on December 9, 2022.[4] Second, Wakeel relies on the affidavits of Lopez and Lopez's cellmate in 2007-08, Ronald Newton, which affidavits Wakeel discovered on May 6 and March 26 of 2024, respectively. Relevant to Wakeel's instant PCRA claims, Lopez's affidavit states that Lopez never knew Wakeel prior to identifying him for police, and police pressured Lopez into identifying Wakeel as the perpetrator as part of a deal for leniency in Lopez's own case. Similarly, Newton's affidavit recounts

---

[4] The alleged Commonwealth admission stated as follows:

> In the instant matter, [the] fraud alleged by [Wakeel] is that Julio Lopez, a Commonwealth witness, lied while testifying about whether he had a deal with the Commonwealth and that the prosecutor failed to correct the alleged falsehood. However, this allegation does not constitute a fraud upon the court, as the failure to turn over exculpatory evidence is not a duty owed to the court. Further, the fraud [Wakeel] is alleging would constitute fraud on the state court that heard Lopez's testimony.

Answer to Petitioner's Motion for Relief Pursuant to Federal Rule of Civil Procedure 60, 12/9/22, at 16 (citations omitted).

that he recalls police interviewing Lopez in 2007-08 and Lopez telling Newton, at that time, that police pressured Lopez into wrongly identifying Wakeel as a perpetrator in exchange for a better deal in Lopez's case.

We address Wakeel's first two appellate issues together. Instantly, the PCRA court dismissed Wakeel's petition as untimely filed, noting that Wakeel's issues have been previously litigated and that there was no admission to fraud upon the court. **See** Trial Court Order, 10/31/24, at 1-3. Although we disagree that Wakeel's issues have been previously litigated,[5] we agree with the PCRA court's findings that Wakeel's instant PCRA petition is untimely and that there was no admission to fraud upon the court. **See Commonwealth v. Reed**, 107 A.3d 137, 140 (Pa. Super. 2014) ("This Court may affirm a PCRA court's decision on any grounds if the record supports it.") (citation omitted).

Our Supreme Court has previously explained that the PCRA's time limits are jurisdictional, which courts must address prior to reaching the merits of a PCRA petition:

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the

---

[5] We find that Wakeel's instant claims are distinct from those previously litigated in 2013, which finding is contrary to the PCRA court's conclusion, and which was among the reasons the PCRA court denied Wakeel relief. Specifically, in 2013, Wakeel's claim was based on an alleged **Brady** violation based on the Commonwealth's failure to disclose to Wakeel that there was an agreement for favorable treatment between the Commonwealth and Lopez, whereas Wakeel's claims now are based on: (1) an alleged admission by the Commonwealth of a fraud upon the court; and (2) an alleged **Brady** violation in connection with Lopez's pre-arrest identification of Wakeel.

three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by th[e Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. [*Id.* at] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions[.]

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (some citations and footnote omitted).

Additionally, the exceptions to the time limits apply only if the petitioner filed the PCRA petition "within one year of the date the claim could have been presented."[6] 42 Pa.C.S. § 9545(b)(2); *see also Commonwealth v. Hipps*, 274 A.3d 1263, 1267 (Pa. Super. 2022). The PCRA's time limits are

_____

[6] The statutory exceptions relevant here are as follows:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S. § 9545(b)(1)(i), (ii).

jurisdictional, and a court may not ignore them to reach the merits of an untimely PCRA claim. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999); *see also Hipps*, 274 A.3d at 1267.

Here, Wakeel's judgment of sentence became final on April 30, 2012, when the time expired for him to file a petition for permission to appeal with the Pennsylvania Supreme Court.[7] *See* 42 Pa.C.S. § 9545(b)(3); *see also* Pa.R.A.P. 1113. Therefore, Wakeel had until April 30, 2013, to file a timely PCRA petition. The current petition—filed on December 11, 2023, close to a decade after the April 2013 deadline—is, therefore, patently untimely. Thus, unless Wakeel pleads and proves a timeliness exception to the PCRA's time-bar, the PCRA court had no jurisdiction to consider the merits of his petition. *See Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011) (if PCRA petition deemed untimely and no exception pled and proven, petition must be dismissed without hearing because court lacks jurisdiction to consider merits of petition).

_____

[7] Because the thirty-day deadline for filing a petition for allowance of appeal with our Supreme Court fell on Sunday, April 29, 2012, Wakeel had until Monday, April 30, 2012, to file the petition. *See* Pa.R.A.P. 107 (incorporating by reference rules of construction in Pennsylvania Rules of Judicial Administration including Pa.R.J.A. 107(a)-(b), relating to computation of time for rule of construction relating to exclusion of first day and inclusion of last day of time period, and omission of last day of time period which falls on Saturday, Sunday, or a legal holiday); *see also* Pa.R.A.P. 1113(a) (general rule setting thirty-day deadline for petitioning for allowance of appeal after entry of Superior Court order).

Our standard of review of the PCRA court's denial of a PCRA petition is well-settled:

> Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error. Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition.

*Commonwealth v. Whitehawk*, 146 A.3d 266, 269 (Pa. Super. 2016) (citations omitted). Further, appellate courts grant great deference to the PCRA's court's factual findings, unless unsupported in the record, but not to its legal conclusions, for which our standard of review is *de novo* and our scope of review is plenary. *See Reed*, 107 A.3d at 140.

Relevant here, to satisfy the requirements of the governmental interference exception, a "petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). Essentially, a petitioner is required to show that due to the interference of a government actor "he could not have filed his claim earlier." *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

To satisfy the requirements of the newly discovered facts exception, a petitioner must establish that "there were '*facts*' that were 'unknown' to him and that he could not have ascertained those *facts* by the exercise of 'due diligence.' The focus of the exception is on the newly discovered *facts*, not on

a newly discovered or newly willing source for previously known facts." **Marshall**, 947 A.2d at 720 (citations, brackets, and some quotation marks omitted; emphasis in original).

After our review, first, we agree with both the PCRA court and the Commonwealth that Wakeel's allegation that the Commonwealth admitted to a fraud upon the court in its federal court filing mischaracterizes the record. **See** PCRA Court Order, 10/31/24, at 2 ("that statement by the Commonwealth in its brief is not such an admission, but is rather an if/then argument against an issue raised by [Wakeel] in the federal proceeding, and is therefore not a basis for relief"); **see also supra**, at n.4.  Indeed, the Commonwealth's filing in federal court, though perhaps unartfully drafted as it only implies a comparison between state and federal courts and does not use the word "federal court," was not an admission of any kind, but rather contained an argument in the alternative discussing a relative difference of effect in the fraud allegations between state and federal court.  **See** Answer to Petitioner's Motion for Relief Pursuant to Federal Rule of Civil Procedure 60, 12/9/22, at 16 ("Further, the fraud [Wakeel] is alleging would constitute fraud on the state court that heard Lopez's testimony[, rather than the federal court].").  As we conclude there was no admission by the Commonwealth in that federal court filing, we find no basis for a governmental interference or newly discovered fact claim on that alleged ground of fraud upon the court.

Second, as it relates to Lopez's and Newton's affidavits, neither affidavit satisfies either the governmental interference or newly discovered fact

exceptions. Initially, we observe that Wakeel did not amend his instant PCRA petition after "discovering" these affidavits and thus any claim relating to these affidavits is waived. **See Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) ("Failure to include the claim in the PCRA petition will result in waiver of the claim."). Even if not waived, as to both exceptions**,** Wakeel has failed to establish that the information in both affidavits could not have been discovered earlier with due diligence *and that he could not have filed his claim as early as 2013*. **See Abu-Jamal**, 941 A.2d at 1268; **Stokes**, 959 A.2d at 310; *see also Marshall*, 947 A.2d at 720. Importantly, in 2013, the basis for Wakeel's first PCRA petition was that *Lopez lied about his deal for lenience* and the Commonwealth failed to correct him when he testified untruthfully on that topic at Wakeel's trial. Based on Lopez's 2013 recantation and acknowledgment of an alleged deal with the Commonwealth, *we discern no reason why Lopez would not have divulged, at that time, more details about the deal* he claimed he had in place with the Commonwealth, including the details of his related false pre-arrest identification of Wakeel as the perpetrator. **See** Affidavit of Julio Lopez, 5/15/24, at 3 ("While being questioned I was told I would be given a deal if I could identify the shooter out of photos shown to me. I kept telling them I could not from the photos shown[. . . .] I was being pressured more and more to identify someone from the photos. [. . . B]ecause they were willing to give me a deal, I identified a photograph just picking out anybody."). We find that, based on this record, contrary to Wakeel's claims that he could only discover the

information in the affidavits once the affidavits were delivered to him, Wakeel should have inquired further into Lopez's claims in 2013, and that he could have raised the claim then. Indeed, the Pennsylvania Supreme Court has previously rejected a petitioner's failure to timely inquire further into alleged facts when made aware of information relevant to the at-issue PCRA petition claims, which thereby results in the petitioner's failure to carry the burden of proving that the relevant PCRA claims are timely raised. **See Marshall**, 947 A.2d at 721 ("Appellant provides no evidence or argument that [the source of PCRA collateral evidence] refused to divulge the information[. . . . or] that [Appellant] could not have obtained [it . . .] from [that source], or from another source[ earlier.] Thus, Appellant has not carried his burden under Section 9545(b)(2) to establish that he presented his claim within [the statutory time limits within which the claim] could first have been presented."). Accordingly, we conclude that Wakeel has failed to establish that he filed his petition to raise the claims in the affidavits within one year from when they could first be presented. **See** 42 Pa.C.S. § 9545(b)(2); **see also Hipps**, 274 A.3d at 1267. Therefore, Wakeel is not entitled to relief.

We observe that Wakeel's appellate brief suggests that he wishes to raise an additional **Brady** violation based on the fact that the Commonwealth never turned over any existing video recording evidence to Wakeel prior to his trial. **See** Appellant's Brief, at 29, 33-35, 43-45, 47-49, 52. We find this claim is waived for failure to include it in Wakeel's instant PCRA petition. **See** Pa.R.A.P. Rule 302; **see also Santiago**, 855 A.2d at 691; **Commonwealth**

***v. Wharton***, 886 A.2d 1120, 1125-26 (Pa. 2005). Even if not waived, we conclude that Wakeel fails to establish that he has raised this claim within one year of his earliest opportunity to do so. ***See*** 42 Pa.C.S. § 9545(b)(2). Indeed, Wakeel acknowledges in his appellate brief that he was, at a minimum, made aware of the possibility of the existence of video-recorded statements at his trial. ***See*** Appellant's Brief, at 34 ("At [Wakeel]'s trial, Detective [Mark] DiLuzio testified that he showed Lopez [evidence], once during the non-video interview *and again during the video*[-]*taped interview*.") (emphasis added). In any event, to the extent Wakeel suggests Lopez's affidavit supports his claim that the Commonwealth withheld video evidence in violation of ***Brady***, we disagree and note Lopez's affidavit neither confirms nor denies the existence of any video evidence. ***See*** Affidavit of Julio Lopez, 5/15/24, at 3 ("Whether the interviews were videotaped or not[,] I was never made aware of it."). Accordingly, no relief is due.

As it relates to his third and fourth appellate issues, because we lack jurisdiction to entertain his PCRA claims, we cannot reach any derivative claims relating to ***Turner***/***Finley*** and Attorney Toth's representation. ***See Commonwealth v. Fantauzzi***, 275 A.3d 986, 994 (Pa. Super. 2022) (stating that "the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"); ***see also Commonwealth v. Harris***, 114 A.3d 1, 6 (Pa. Super. 2015) ("When a PCRA court lacks jurisdiction to consider the merits of a petition, we likewise lack jurisdiction to consider an appeal from disposition of the petition.").

Similarly, Wakeel was not entitled to any review, much less a hearing on his petition. *See* Pa.R.Crim.P. 908; *Jackson*, 30 A.3d at 519; *see also Marshall*, 947 A.2d at 723 ("[W]e have concluded that Appellant's petition was untimely, and accordingly the PCRA court properly determined that it had no jurisdiction to entertain it."). Therefore, Wakeel is not entitled to relief on appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/3/2025